

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Traylor Russell
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Sir:

Opinion No. O-4220
Re: Does a justice of the peace
or a county judge, where both
are on a fee basis, have any
interest in the costs assess-
ed upon a plea of guilty or
a conviction in their respec-
tive courts?

Your letter of November 21, 1941, requesting an
opinion of this department on the above stated question, reads
in part as follows:

"I hereby request of your Department an
opinion in regard to the following:

"Does a justice of the peace or county
judge, where both are on a fee system,
have any interest in the costs assessed
upon a plea of guilty or a conviction
in their respective courts?

"In this connection, I would refer to Arti-
cle 1052, C.C.P., wherein it is provided:

"'. . . and $2.50 shall be paid by the
county to the justice of the peace,
for each criminal action  tried and
finally disposed of before him.  Pro-
vided, however, that in all counties
having a population of 20,000 or less,
the justice of the peace shall receive
a trial fee of $5.00. * * *:

"This legislation was enacted by the 41st
Legislature, 1929, and it would seem that the
purpose of this legislation was to remedy that

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

condition as expressed by the Court of Criminal Appeals in the case of Ex parte Kelly, 10 S.W. (2nd) 728, and subsequent cases on the same subject. A reading of the case above referred to will show that the Court of Criminal Appeals held unconstitutional certain statutes wherein it was provided that the fees paid to the Justice of the peace should be collected from the defendant in case of conviction."

Article 1052, Vernon's Annotated Code of Criminal Procedure, reads as follows:

"Three Dollars shall be paid by the county to the County Judge, or Judge of the Court at Law, and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three Dollars. Such Judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Article 1074, Code of Criminal Procedure, provides as follows:

> "In each case of conviction in a county
> Court, or a County Court at Law, whether by
> a jury or by a Court, there shall be taxed
> against the defendant or against all defend-
> ants, when several are held jointly, a trial
> fee of Five Dollars, the same to be collect-
> ed and paid over in the same manner as in the
> case of a jury fee, and in the Justice Court
> the trial fee shall be the sum of Four Dollars."

We think the above stated question is answered in the negative by the State Court of Criminal Appeals in the following cases: Richardson v. State, 4 S. W. (2d) 70; Vera v. State, 10 S. W. (2d) 383; and Ex parte Kelly, 10 S. W. (2d) 728. Therefore, we respectfully answer your question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED DEC 4, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN